JUSTICE TRIEWEILER,
specially concurring:
I concur with the opinion of the majority that the employment agreements which the plaintiff sought to enforce were for an illegal purpose and therefore, unenforceable. I also concur in the majority’s result which denied recovery to the plaintiff, pursuant to its theories grounded in tort. However, I would deny recovery in tort because there is an absence of proof of damages flowing from the facts which plaintiff alleges were tortious.
Plaintiff alleged that it was damaged when it lost clients due to the departure of the defendants. However, in its Finding No. 63, the District Court stated:
“Plaintiff relied solely on Mills’ testimony regarding damages. Plaintiff presented no testimony from any former client regarding whether they would have continued to use plaintiff’s services if Porter and James terminated their employment with plaintiff but did not continue to do embryo transfer work in Montana. Defendants called two former Portable Embryonics customers to testify at trial. Both testified that they did not like the treatment by Mills of their cows, and would not have continued to use Mills or plaintiff for their embryo transfer work after Porter and James terminated employment with plaintiff...”
In its Finding No. 64, the District Court also pointed out that of the ten ranches to whom plaintiff provided embryo transfer work prior to the departure of the defendants, all have either discontinued that kind of work, gone out of business, hired in-house technicians, or substantially reduced their requirements.
Plaintiff also sought recovery for miscellaneous items of damage, including the training of new people to replace the defendants. However, in Finding No. 65, the District Court found that the plaintiff failed to prove the dollar amount associated with these miscellaneous expenses.
On appeal, plaintiff contended that he was damaged by the defendants’ departure without notice because it left him unprepared to service clients in the southern part of the country later on in the spring of 1988. However, defendants testified that they would have continued to assist the plaintiff, had he not insisted that they terminate employment immediately, and the District court found, in *248 Finding No. 41, that plaintiff did not ask for assistance from the defendants after they left his employment.
After all of these findings, the District Court concluded, as a matter of law, that plaintiff was entitled to damages in the amount of $75,000 without indicating any objective basis for those damages.
I would agree that in commercial transactions of this type the finder of fact should be given wide latitude in arriving at an award of damages. However, there has to be some objective basis for the damage award, and in this case it was totally unsupported by any evidence.
For these reasons, I would reverse the judgment of the District Court and deny recovery, pursuant to the plaintiff’s claims grounded in tort, regardless of the relationship of those claims to an illegal contract.
JUSTICE HUNT concurs in the special concurring opinion of Justice Trieweiler.